**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MARCUS T. MITCHELL,                    )
                                       )
          Petitioner,                  )
                                       )
v.                                     )          **Case No. 15-CV-459-JHP-FHM**
                                       )
JANET DOWLING, Warden,                 )
                                       )
          Respondent.                  )

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2254 habeas corpus action.  On August 17, 2015, the Clerk of Court

received the petition (Dkt. # 1) for filing.  In response to the petition, Respondent filed a motion to

dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5),

along with a supporting brief (Dkt. # 6).  Petitioner, a state prisoner appearing pro se, filed a

response (Dkt. # 7).  For the reasons discussed below, Respondent's motion to dismiss is granted

and the petition is dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that, at the conclusion of a jury trial, held in Washington County District

Court, Case No. CF-2012-0088, Petitioner was convicted of Child Abuse Murder (Count 1), three

counts of Child Neglect (Counts 2-4), Possession of a Controlled Dangerous Substance (Count 7),

and Possession of Drug Paraphernalia (Count 8).[1]  <u>See</u> Dkt. # 6-1 at 1.  On March 27, 2013, the trial

judge sentenced Petitioner, in accordance with the jury's recommendations, to life imprisonment

with the possibility of parole (Count 1), one (1) year in the county jail (Count 2), twelve (12) years

imprisonment (Count 3), twenty-five (25) years imprisonment (Count 4), and six (6) months in the

_____

[1]The jury found Petitioner not guilty of two counts of Possession of a Controlled Dangerous
Substance (Counts 5, 6).

county jail on each of Counts 7 and 8. Id. The trial judge ordered the sentences on Counts 1 through 4 to be served consecutively and the sentences on Counts 7 and 8 to be served concurrently with the sentence on Count 1. Id. at 2. Attorney Mark Kane represented Petitioner at trial. Id. at 5.

Represented by attorney James H. Lockard, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed April 10, 2014, in Case No. F-2013-320, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 6-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

Petitioner avers that, on April 16, 2014, he filed a pro se "request for suspended sentence," and that, by order filed May 9, 2014, the state district judge denied the pro se motion. See Dkt. # 7 at 2. Petitioner also avers that, on June 24, 2015, he filed a "motion for judicial review," pursuant to Okla. Stat. tit. 22, § 982a, and that the trial judge denied the motion by order filed July 28, 2015. See id. Although those motions and orders are not part of the record before the Court, the docket sheet for Washington County District Court, Case No. CF-2012-0088, viewed at www.oscn.net, confirms the filing of motions and orders on the dates provided by Petitioner.

On August 17, 2015, the Clerk of Court received and filed of record Petitioner's federal petition for writ of habeas corpus (Dkt. # 1). While the envelope containing the petition was post marked August 14, 2015, id. at 17, Petitioner failed to complete the date portion of the certificate of mailing, id. at 16. Based on that record, the Court finds that Petitioner is not entitled to benefit from the prison mailbox rule.[2] Therefore, this petition was filed on August 17, 2015, when it was

---

[2]Under the prison mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Houston v. Lack, 487 U.S. 266, 276 (1988). "An inmate can obtain the benefit of

received by the Clerk of Court.  In response to the petition, Respondent filed a motion to dismiss

(Dkt. # 5), arguing that the petition is time barred.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

_____

the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid."  Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Under § 2244(d)(1)(A), Petitioner filed his habeas petition after expiration of the one-year limitations period.  Petitioner's convictions became final on July 9, 2014, after the OCCA concluded direct review on April 10, 2014, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  As a result, Petitioner's one-year limitations clock began to run on July 10, 2014, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after July 10, 2015, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The limitations period was tolled, or suspended, during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  Petitioner filed two (2) pro se motions seeking sentence modification: a "request for suspended sentence" and a "motion for judicial review."  He filed his "request for suspended sentence" on April 16, 2014, and the state district judge denied the motion on May 9, 2014.  Those events took place before Petitioner's convictions became final on July 9, 2014.  As a result, the pendency of Petitioner's "request for suspended sentence" had no impact on the one-year limitations period since it was filed before Petitioner's conviction became final and, therefore, before the limitations period began to run under 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed his "motion for judicial review," under Okla. Stat. tit. 22, § 982a, on June 24, 2015, or during the one-year limitations period.  The state district court denied the motion thirty-four (34) days later, on July 28, 2015.  Therefore, if the "motion for judicial review" served to toll the

4

one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by thirty-four (34) days, or until August 13, 2015. See Wall v. Kholi, 562 U.S. 545 (2011).[3]

However, under 28 U.S.C. § 2244(d)(2), any application for state post-conviction or other collateral review must be "properly filed" in order to count as a tolling mechanism under the statute. The Supreme Court has found that "an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (internal quotation marks omitted); see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that "time limits, no matter their form, are 'filing' conditions"); Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) (stating that an application is "properly filed" if it satisfies the State's requirements for filing such a pleading); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion").

In this case, the state district judge denied the motion for judicial review because Petitioner did not timely file the motion within twenty-four (24) months of his sentencing, as required by the

_____

[3]In Wall, the Supreme Court held that a Rhode Island law similar to Okla. Stat. tit. 22, § 982a, qualified as an application for "collateral review" within the meaning of § 2244(d)(2). Wall, 562 U.S. at 556. The Tenth Circuit Court of Appeals has found that, under the rational of Wall, the pendency of a "properly filed" motion for judicial review tolled an Oklahoma prisoner's one year limitations period. Doby v. Dowling, 2015 WL 7873589 (10th Cir. 2015) (unpublished).

state's judicial review statute in effect at that time.[4]  See Okla. Stat. tit. 22, § 982a(A) (2011) (providing that a sentencing court may modify a sentence "[a]ny time within twenty-four (24) months after the initial sentence is imposed").  As a result, even if Petitioner's motion for judicial review qualifies as an application for "collateral review" for purposes of 28 U.S.C. § 2244(d)(2), Petitioner's motion was not a "properly-filed" application for collateral review and did not toll the running of the limitations period under 28 U.S.C. § 2244(d)(2).  Therefore, the habeas deadline of July 10, 2015, is unaffected by the "motion for judicial review."[5]  Unless Petitioner is entitled to equitable tolling, his petition, filed August 17, 2015, is untimely.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Miller, 141 F.3d at 978.  A petitioner's burden in making this

_____

[4]The docket sheet for Washington County District Court, Case No. CF-2012-0088, reflects that, on July 28, 2015, the district judge ruled as follows:  "[m]atter comes on for 2nd motion to modify/judicial review.  Denied.  Previously denied by court see attached order.  Was sentenced 3-27-13.  Can only modify w/in 24 months.  Time was up 3-27-15.  Court will entertain no further motions."  See www.oscn.net.

[5]The Court notes that, even if Petitioner were credited with the time his motion for judicial review was pending in the state district court, his habeas petition remains untimely.  With tolling, Petitioner's deadline of July 10, 2015, would be extended by thirty-four (34) days to August 13, 2015.  Petitioner filed his federal petition on August 17, 2015, or four (4) days beyond the deadline.

demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

In response to the motion to dismiss, see Dkt. # 7, Petitioner argues entitlement to statutory tolling. He does not argue that he is entitled to equitable tolling. Furthermore, nothing in the record suggests that Petitioner is entitled to equitable tolling. Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808.

In summary, Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this matter.

**DATED** this  _26th_  day of May, 2016.

James H. Payne
United States District Judge
Northern District of Oklahoma